## Delos W. Eldred v. Dorothea Moehring, Mary Moehring and Fryer Marwood, Executor of the Last Will of Louis Moehring.

1. EXECUTION SALES—*Inadequacy of Price.*—Mere inadequacy of price is not ordinarily sufficient to justify setting aside a sale under execution, and permitting the judgment debtor to redeem after the statutory period of redemption has expired, but it will, if gross, be sufficient, when taken in connection with other, and sometimes even slight, circumstances of irregularity in the mode in which the sale was conducted.

2. SAME—*Irregularities of the Officer.*—The fact that the homestead was not set off, as required by the exemption laws, is an irregularity which, taken in connection with inadequacy of price, is sufficient to justify the setting aside of the sale.

3. PARTIES—*Executors. When Not Necessary.*—When the executor takes no interest in the real estate of the deceased he is not a necessary party in litigation concerning such real estate.

**Bill to Redeem from an Execution Sale.**—Trial in the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Decree for complainant; appeal by defendants. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 12, 1899.

**Statement of the Case.**—The bill of complaint in this cause was filed by appellees jointly, to set aside a deed issued by the sheriff of Cook county on October 17, 1893. The bill alleges that on the 26th of March, 1892, one Rhodes recovered a judgment in the Circuit Court of Cook County against Louis and Dorothea Moehring for $455.62 by confession of judgment note; that execution issued, and on July 12, 1892, the sheriff sold the premises in question under the execution to Rhodes; that at the time of the levy and sale Dorothea Moehring was occupying the premises as a homestead, and that on the 17th day of October, A. D. 1893, the sheriff issued to the appellant a deed to the premises as the assignee of Rhodes.

It is further alleged that the premises at the time of the sale were worth $20,000 and were incumbered for $2,500, and that the complainants knew nothing with reference to the sale; that the sheriff did not have the premises appraised or set off the homestead; and that because of this fact, and because the property was sold for an inadequate price, therefore the complainants ask that the sheriff's deed and sale be set aside and they allowed to redeem.

The answer of appellant admitted the allegation as to the sale, that no homestead was set off, and that the premises were worth in excess of $1,000. The answer avers that appellee Marwood, executor of the last will of Louis Moehring, deceased, had no interest whatever in the property, and that he was improperly joined as a complainant.

Appellee filed a cross-bill, asking that the homestead be set off. The trial court made no disposition of the cross-bill, but upon hearing on the original bill, answer and replication, decreed in substance that the sale by the sheriff was irregular, not in accordance with the law, and for a grossly inadequate sum. The decree finds that the value of the premises at time of sale by the sheriff was from $15,000

to $20,000; that the sale by the sheriff to Rhodes was for
$491.12; that Dorothea Moehring, one of appellees, was
at the time of the levy and sale occupying the premises
as a homestead; and that no homestead was set off to her
as provided by law. The decree permits appellee to redeem
upon payment to appellant of the $491.12, with interest,
costs, etc.

ARNOLD TRIPP, attorney for appellant.

BARNES, BARNES & BARTELME, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

There is no dispute as to the facts alleged by the bill of
complaint in relation to the homestead right of appellee
Dorothea Moehring. It is admitted that no appraisers
were appointed and no steps taken to have the homestead
set off, and that the requirements of the statute in that
behalf were in no manner complied with. The evidence is
conflicting as to the value of the land. But we are of opin-
ion that the finding of the chancellor is supported by the
preponderance of the evidence. The only question pre-
sented is as to whether the great inadequacy of price, taken
together with the irregularity of the sale, in that the home-
stead was not set off, and no attempt was made to comply
with the requirements of the statute relating to sales of
homestead on execution, is sufficient to warrant the relief
granted. We regard the decision in Bullen v. Dawson, 139
Ill. 633, as absolutely disposing of any question in this
behalf. The facts of that case were so similar to the case
here, and the decision is so clearly in point, that we view it
as controlling. The court said in that case:

" While mere inadequacy of price is not ordinarily suffi-
cient to justify setting aside a sale under execution and per-
mitting the judgment debtor to redeem, after the statutory
period of redemption has expired, the rule is that such
inadequacy of price, if gross, will be sufficient, when taken
in connection with other, and sometimes even slight cir-
cumstances of irregularity in the mode in which the sale
was conducted. It can scarcely be pretended that the fail-

ure of the sheriff to take the steps prescribed by the exemption law before selling the premises in question, was not an irregularity, or that it was not prejudicial to the complainant. Property can be sold for the highest price only when the sale is legal and regular.. No competition in bidding is likely to arise when the sale attempted to be made is one which will be void in law, and only confer upon the purchaser an equitable right," etc.

In that case the price bid at the sale was $338.65, and the evidence tended to show that the value of the land above incumbrances was many times as great. The same can be said of the relation of price to value in the case here. And in this case, as in the cases cited, there was no demand for payment of the judgment and no notice given that a sale was to be made.

We are of opinion that the joinder of Marwood, the executor, as a party complainant, should not operate to altogether reverse this decree, which is substantially correct. The rights and equities of appellant have not been prejudiced by the error.

The decree will be affirmed in all other particulars, and the cause remanded, with directions to the Superior Court to modify the decree by ordering the bill of complaint dismissed as to complainant Fryer Marwood, executor of the last will of Louis Moehring, deceased. Affirmed in part and reversed in part.